F. GAVILÁN & Co., Plaintiffs and Appellees, *v.* VIUDA DE GARRIGA & HIJOS ET AL., Defendants.—RICARDO DIEZ, Defendant and Appellant.

No. 4153. Argued June 3, 1927.—Decided June 21, 1928.

R. *Arce Rollet* and F. *Zapater* for the appellant. V. *Zayas Pizarro* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Ricardo Diez, the appellant, signed a promissory note as surety. Of this the evidence in the case and the opinion of the court leave us in no doubt. The difficulties we have had in drawing up our conclusions are that the evidence does not follow the amended complaint; the judgment follows neither the amended complaint nor the opinion of the court, and the promissory note over which the controversy waged is copied correctly neither in the amended complaint nor in the opinion of the court. Likewise the appellant maintains, and the appellee accepts, that the sentence erroneously includes a person

not made a party when nothing of the kind appears in said judgment. The error made was in the court's opinion. Nevertheless the evidence discloses that the real issues between the parties were fully understood by them. Hence the complaint, so far as the note is concerned, may be considered to be amended to conform to the proof. *People* v. *Heirs of Valdés,* 31 P.R.R. 213; *Dragoni* v. *U. S. Fire Ins. Co.,* 36 P.R.R. 425, 436; *D. Agüeros & Co.* v. *Navarrete,* 37 P.R.R. 756; *Ismert Hinke Milling Co.* v. *Muñoz,* 37 P.R.R. 762.

F. Gavilán & Co. was the owner of a promissory note for $1,000. The note was payable to the order of F. Gavilán & Co., signed by Viuda de Garriga e Hijos, Enrique Fernández, Enrique Fernández (*sic*), Angelina R. de Fernández, as principals, and by Ricardo Diez, the appellant, as surety. From the mere form of the note there was some doubt who signed as surety as the word "surety" appeared before the signature of Ricardo Diez, but the evidence made it absolutely clear that Ricardo Diez was the surety on the note and a consideration of the note itself convinces us of this.

The evidence tended to show that Viuda de Garriga e Hijos was a mercantile firm in Caguas; that the said firm, as we have said, was indebted to F. Gavilán & Co. in the sum of $1,000; that to cover the said debt the firm of Viuda de Garriga e Hijos, along with others and including the appellant, signed the promissory note on which this suit was brought; that the said debtor firm became insolvent and sold out its business or effects to Francisco Escoda; at least the latter testified that he was the successor of Viuda de Garriga e Hijos; that from the purchase of said assets he owed money to the said firm and that Angelina R. de Fernández came to him and requested him to pay twenty-five per cent of the debt that the firm of Viuda de Garriga e Hijos owed to Ricardo Diez; that Escoda issued a note to Ricardo Diez for $250 which was paid at maturity; that Ricardo Diez in his own testimony admitted that he was a surety although

he attempted to qualify it by saying that he was a sort of surety. When Escoda was asked why Ricardo Diez was a creditor of the firm he replied without objection that Diez complained that it was hard for him to accept $250 or only twenty-five per cent. Furthermore, it appeared from the whole testimony that Ricardo Diez was willing to sign a renewal of the note under the same conditions as before and only refused to do so when he was asked to appear before a notary. The note in question was taken to the Crédito y Ahorro Ponceño, a bank in Ponce, and discounted by the latter in favor of F. Gavilán & Co., the complainant and appellee.

On a certain day while the bank was in possession of the note and before maturity thereof Angelina R. de Fernández appeared at the bank and turned over $250 as a payment on the note. As a result of this payment, the plaintiff, from its own standpoint at least, released Angelina R. de Fernández from all responsibility on the note considering her obligation as a joint one and hence that she was only responsible for one-fourth of the note. The note was not paid at maturity and the bank required the appellee to pay the same, which it did, and the said note was turned over to the said appellee who brought.this suit. The judgment in form was against Viuda de Garriga e Hijos, Enrique Fernández and Ricardo Diez, apparently a joint and several liability. Angelina R. de Fernández was not made a party to the suit and was not included in the judgment. From the judgment so rendered Ricardo Diez alone appealed.

His principal effort in the court below and on appeal was to show that the payment made by Angelina R. de Fernández to the bank was really made on his behalf and that he was released by that payment.

A number of respectable witnesses, including the manager of the bank, gave testimony tending to show that Angelina R. de Fernández made the payment of $250 on her own account. This testimony the court had a right to believe de-

spite the supposed contradictory evidence offered by the defendants. We say "supposed contradictory evidence" because all this evidence appeared in depositions to which plaintiff objected and we are not at all convinced that the objections were not tenable. The court, however, admitted the depositions. Giving the depositions all due probatory value, we do not see how the court could have arrived at a different conclusion.

The principal deponent was Angelina R. de Fernández herself. She testified to having received a check from Ricardo Diez for $250 which she cashed and paid the proceeds over to the bank. She said that before she went to the bank she first saw F. Gavilán & Co. and told that firm that she came on behalf of Ricardo Diez who wanted to discharge his fourth part of the obligation, or words to that effect. F. Gavilán & Co., according to her statement, said it was willing provided the bank would accept. From this point on in her narration there is no evidence that the bank did so accept. Again, according to her statement, the manager of the bank told her that she could probably make some satisfactory arrangement for a renewal of the note with F. Gavilán & Co. There is no showing thereafter that F. Gavilán & Co. agreed to release Ricardo Diez.

Not only is it extremely unlikely that the bank or F. Gavilán & Co. would release a surety in this manner, but, as we have intimated, the evidence taken at its best failed to show such a release. The burden of proof was on Ricardo Diez to show such a release. In passing we may say that Angelina R. de Fernández was the only one of the deponents who could testify as to this verbal release and that her evidence was squarely contradicted.

At the time of her supposed conversation with F. Gavilán & Co. that firm was not the owner and holder of the note. The bank could not have released Diez, as surety, without becoming responsible to F. Gavilán & Co. On this narrow shred of testimony given by Angelina R. de Fernández, as

we read the record, the principal defense of Ricardo Diez depended. The two Fernándezes were husband and wife and were more or less identified with the insolvent firm. They were desirous of releasing Ricardo Diez who, it appeared, signed to accommodate them.

The judgment in form was against all the parties jointly (*mancomunadamente*). The appellee asks us to modify the judgment to make it run against the principals first and subsequently against Diez severally (*solidariamente*). The argument is that the trial court by its opinion showed that it intended to do this. However, the appellee did nothing in the court below looking to a correction of the judgment and the complainant firm has not appealed. An error was committed against the said firm perhaps, but in general on appeal only errors committed against an appellant may be corrected. *Jackson* v. *Feather River Water Co.*, 14 Cal. 19; *Rivera* v. *Brignoni*, 17 P.R.R. 1157; *Puig* v. *Suc. Polanco*, 16 P.R.R. 705. *Consensus tollit errorem.* The amended complaint in no wise was couched on the theory now advanced and it is very dubious if the trial was conducted on such a line.

The judgment will be affirmed.

Mr. Justice Texidor took no part in the decision of this case.